[683 NYS2d 428]

In the Matter of MICHAEL WEISS (Admitted as MICHAEL S. WEISS), an Attorney, Resignor.

Second Department, December 16, 1998

## APPEARANCES OF COUNSEL

*Gary L. Casella,* White Plains, for Grievance Committee for the Ninth Judicial District.

*Richard E. Grayson,* White Plains, for resignor.

## OPINION OF THE COURT

Per Curiam.

Michael Weiss has submitted an affidavit dated October 5, 1998, wherein he tenders his resignation as an attorney and counselor-at-law (22 NYCRR 691.9). Mr. Weiss was admitted to the practice of law by the Appellate Division of the Supreme

Court in the Second Judicial Department on July 28, 1982, under the name Michael S. Weiss.

Mr. Weiss is aware that he is currently the subject of a *sua sponte* investigation initiated against him by the Grievance Committee for the Ninth Judicial District pursuant to the Dishonored Check Reporting Rules for Attorney Special, Trust and Escrow Accounts (22 NYCRR part 1300). Mr. Weiss is further aware that based upon the Grievance Committee's investigation, it has moved for his interim suspension and the authorization of a disciplinary proceeding.

Mr. Weiss acknowledges that his escrow account, which he maintained at the Bank of New York, had a negative balance on approximately 25 occasions. He conceded that he failed to maintain all deposit slips or a ledger relating to his attorney escrow account. He disbursed funds in excess of those on deposit for particular clients, thereby drawing against funds which had been deposited in the escrow account on behalf of other, unrelated clients.

Mr. Weiss avers that his resignation is voluntary, free from coercion and duress, and submitted with a full awareness of its implications.

Mr. Weiss acknowledges that he could not successfully defend himself on the merits against charges predicated upon the investigation currently pending.

Mr. Weiss expressed his awareness that the Appellate Division, in any order permitting him to resign, could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the Lawyers' Fund for Client Protection for same. He further acknowledged his awareness that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him. He specifically waived the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee submits that Mr. Weiss's resignation is the most expeditious way to conclude this matter and supports its acceptance.

Inasmuch as the proffered resignation comports with appropriate Court rules, it is accepted, Mr. Weiss is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law. In view of this determination, the Grievance Committee's motion to suspend the respondent pursuant to 22 NYCRR 691.4 (*l*) (1) (ii) and (iii) is dismissed as academic.

MANGANO, P. J., BRACKEN, ROSENBLATT, MILLER and O'BRIEN, JJ., concur.

Ordered that the resignation of Michael Weiss is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael Weiss is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Michael Weiss shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Michael Weiss is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that the Grievance Committee's motion to suspend the respondent and to authorize a disciplinary proceeding against him is dismissed as academic.